IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-187-D-1
No. 5:21-CV-144-D

| | |
|---|---|
| ANDRE ALAN THORPE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On March 26, 2021, Andre Alan Thorpe ("Thorpe") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 480-month sentence [D.E. 84]. On June 23, 2021, the government moved to dismiss Thorpe's motion [D.E. 92] and filed a memorandum in support [D.E. 93]. The same day, the court notified Thorpe of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 94]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 8, 2021, Thorpe responded in opposition to the government's motion [D.E. 95]. As explained below, the court grants the government's motion to dismiss and dismisses Thorpe's section 2255 motion.

I.

On May 2, 2019, pursuant to a plea agreement, Thorpe pleaded guilty to manufacture and production of child pornography (count one) and possession of child pornography (count seven). See [D.E. 43]; Rule 11 Tr. [D.E. 75] 31–33. On August 7, 2019, the court held Thorpe's sentencing hearing and, after overruling Thorpe's objection, adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 60, 67]; Sent. Tr. [D.E. 76] 5. The court found Thorpe's

total offense level to be 38, his criminal history category to be I, and his advisory guideline range to be 235 to 293 months' imprisonment. See Sent. Tr. [D.E. 76] 5. The court then heard evidence and arguments on the government's motion for upward departure under U.S.S.G. § 5K2.21, granted that motion, and determined that the new offense level was 42 resulting in an advisory guideline range of 360 months to life imprisonment. See id. at 6–15. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Thorpe to 360 months' imprisonment on count one, and 120 months consecutive imprisonment on count seven, for a total of 480 months' imprisonment. See id. at 16–34; [D.E. 67]. Thorpe appealed. See [D.E. 64]. On June 10, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Thorpe's sentence. See United States v. Thorpe, 816 F. App'x 811, 812–14 (4th Cir. 2020) (per curiam) (unpublished).

In Thorpe's section 2255 motion, Thorpe argues that his trial counsel was ineffective because: (1) his lawyer misinformed him about the number of character letters that Thorpe could submit for sentencing and did not contact all of the possible character references that Thorpe provided; (2) his lawyer did not properly review the PSR with him; (3) his lawyer did not inform him of the judge's sentencing discretion and pressured him to agree to a plea agreement; and (4) his lawyer did not advise the court before sentencing about all of Thorpe's mental health history and the abuse he suffered as a child. See [D.E. 84] 6–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need

2

not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Thorpe must show that his attorney's performance fell below

3

an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1967. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Thorpe essentially challenges whether his guilty plea was knowing and voluntary and contends that his attorney "pressured" him to sign the plea agreement and did not inform him of the judge's sentencing discretion. Thorpe's sworn statements during his Rule 11 proceeding contradict this claim, and Thorpe's sworn statements bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). At his Rule 11 hearing, while under oath, Thorpe affirmed he was fully satisfied with counsel's services. See Rule 11 Tr. at 12. The court asked Thorpe : "Has anyone threatened you, or anyone else, or forced you in any way to plead guilty, sir?" Id. at 27. Thorpe

4

replied, "No, sir." Id. The court asked: "Has anyone made any promise to you or anyone else that's made you decide to plead guilty, sir?" Id. Thorpe replied, "No, sir." Id. Moreover, the court described the plea agreement and the sentencing process to Thorpe, including the court's discretion to determine Thorpe's sentence. See id. at 25–31. Thorpe affirmed that he understood the plea agreement and the court's sentencing discretion and understood that any sentencing prediction by his lawyer was not binding on the court. See id. at 25–30; Plea Agr. [D.E. 44] ¶ 3(c) ("Defendant understands, agrees, and admits [t]hat the Court will take into account, but is not bound by the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty."). Thorpe confirmed that he had read and understood the plea agreement and discussed it with his lawyer before signing it. See Rule 11 Tr. at 28. Thorpe also affirmed that he understood that he could not withdraw his guilty plea in the event that any sentencing prediction his lawyer or anyone else had made to him turned out to be incorrect. See id. at 27. Accordingly, Thorpe's guilty plea was knowing and voluntary.

Thorpe has not plausibly alleged deficient performance or prejudice. As for performance, counsel acted reasonably by negotiating a plea agreement in which Thorpe agreed to plead guilty to two counts in exchange for the government dismissing five counts. Even if counsel misinformed Thorpe of the penalties he faced, the court's sentencing discretion, and the consequences of pleading guilty, Thorpe has not plausibly alleged prejudice because the court corrected those alleged errors during the Rule 11 hearing and before Thorpe pleaded guilty. See United States v. Akande, 956 F.3d 257, 263 (4th Cir. 2020); United States v. Akinsade, 686 F.3d 248, 253–54 (4th Cir. 2012). Moreover, in light of his Rule 11 hearing, Thorpe has not demonstrated prejudice because he has not

5

plausibly alleged that but for counsel's alleged errors, he would have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Accordingly, the claim fails.

As for Thorpe's claim about his mental health history and history of abuse, Thorpe's lawyer raised Thorpe's mental history and history of abuse in his sentencing memorandum. See, e.g., [D.E. 51, 51-1, 51-2]. Thorpe's lawyer also offered numerous character letters at sentencing. See Sent. Tr. [D.E. 76] 16–17; [D.E. 51-3]. Defense counsel's performance at sentencing was adequate and falls within the wide range of professional performance. See Strickland, 466 U.S. at 691. On this record, there was no deficient performance. See id.

Thorpe also alleges that his lawyer did not adequately review his PSR with him and that this failure "allowed [Thorpe's PSR] to be full of lies and half truths." [D.E. 84] 6. Thorpe's sworn statements during his sentencing contradict this claim, and Thorpe's sworn statements bind him. See Sent. Tr. [D.E. 76] 4–5; see, e.g., Blackledge, 431 U.S. at 74; Moussaoui, 591 F.3d at 299–300; Lemaster, 403 F.3d at 221–23.

Alternatively, Thorpe has not plausibly alleged prejudice concerning counsel's performance at sentencing. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Thorpe has not plausibly alleged that counsel could have done something differently to obtain a different sentence. This court considered Thorpe's history and characteristics including his mental health, history of abuse, and the character letters. The court also considered the horrific nature of

6

Thorpe's conduct and the tremendous need to protect society from Thorpe. Moreover, in imposing the sentence, the court noted that even if it miscalculated the advisory guideline range or erroneously upwardly departed, it would impose the same sentence as an upward variant sentence. See Sent. Tr. [D.E. 76] 33–34. This court's alternative variant sentence defeats any claim that counsel's performance at sentencing prejudiced Thorpe. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); cf. Thorpe, 816 F. App'x at 814. Moreover, on direct appeal the Fourth Circuit upheld the sentence as substantively reasonable. See Thorpe, 816 F. App'x at 814. Thus, Thorpe has not plausibly alleged prejudice. See, e.g., Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Thorpe's motion, the court finds that reasonable jurists would not find the court's treatment of Thorpe's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 92], DISMISSES Thorpe's section 2255 motion [D.E. 84], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 14 day of March, 2022.

JAMES C. DEVER III
United States District Judge

7

Case 5:18-cr-00187-D   Document 96   Filed 03/14/22   Page 7 of 7